UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
VICKI CONRAD and JOHN DLUGOLECKI,

                Plaintiffs,

         - against -

YAHOO! and VERIZON COMMUNICATIONS, INC.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

COMPLAINT FOR
COPYRIGHT INFRINGEMENT

JURY DEMANDED

## INTRODUCTION

1. In a recent opinion awarding sanctions against a notorious plaintiffs' lawyer in copyright cases, the Chief Judge of the Southern District of Illinois observed:

> Misuse of intellectual property has become a pervasive problem in the internet era and one that is especially pernicious for freelance photographers like [plaintiff], who often lack the resources to pursue claims in court against organizations like [defendant], knowing that even if successful they may receive mere token payments of a few hundred dollars for their work, far less than their legal fees. Aggressive plaintiffs' attorneys such as Liebowitz, then, can be said to represent the fetid backwash of online media providers' own persistent and willful disregard for intellectual property norms, and the Court is not overly sympathetic to [defendant's] plea to be made whole.

Ward v. Consequence Holdings, Inc., 2020 U.S. Dist. LEXIS 80499, *8-9 (S.D.IL 2020) (Rosenstengel, C.J.)

2.  Due largely to a lack of necessary resources and knowledge, only occasionally do the victimized photographers directly confront the "online media providers" described above for their helping-themselves to – theft of – the photographers' photos.  And when they are thus confronted, those providers usually justify their conduct and deflect the photographers' claims by – seemingly reflexively – invoking one or more of the "defenses" that are hypothetically available in copyright cases, including most commonly the "defenses" of "fair use" and "implied license."  And thus armed, those providers may offer (if at all) modest "nuisance value" settlements, which they consider just another cost of doing business.  And unless the victim-photographer can obtain the services of a competent lawyer to take the case to court on affordable terms, that will be the end of the matter.

3.  The first-named defendant in this case, Yahoo!, is a humongous "online media provider" that seems to have an unfortunate propensity to help itself to and then prominently display copyright-protected photos that are created and owned by photographers who often depend on the license fees they should be – but far too often are not – paid for the (profit-seeking) online display of their work by billion-dollar entities like Yahoo!.

4.  Not long ago, Yahoo! was a defendant – effectively, the lead defendant – in a copyright infringement action in this Court against it (and other online media providers) that resulted in the award of partial summary judgment declaring as a matter of law that the defendants' public displays of the plaintiff's photo through a high-tech process called "embedding" was not protected from copyright-infringement liability because they were "embedded."  Goldman v. Breit-

bart News Network, LLC, et al., 302 F.Supp.3d 585, 17-cv-3144 (KBF) (S.D.N.Y. 2018).[1] But notwithstanding that Yahoo! was a direct recipient of that holding, it has continued, as is evidenced in part in this case, to employ the process of "embedding" to display without authority photos that are owned by others, apparently in the belief that it need not follow that holding.

5. The plaintiffs in this case, who are husband and wife, separately created and own separate photos of Meghan Markle and both now separately sue Yahoo! for its infringements of their separate Markle photos. The facts underlying those separate claims of infringement will be set forth in full below.

THE PARTIES

6. On information and belief, in part based on its current Wikipedia, defendant Yahoo! is a "subsidiary" of its current owner, Verizon Communications, Inc., and is "an American web services provider headquartered in Sunnyvale, California." On information and belief, among its "web services" are separate heavily visited and highly profitable websites that are addressed to and accessible by the general public, including "Yahoo! Style UK," "Yahoo! News," "Yahoo! Finance," "Yahoo! Sports," and "Yahoo! Life." On information and belief, all of those websites are operated for profit and are supported, in significant part, by third-party advertising. On information and belief, all of those websites feature – indeed, depend on – the prominent display of photos that are owned by others, often without the prior knowledge or consent of the owners thereof. On information and belief, Yahoo! has repeatedly been sued for copyright infringement with respect to such displays. Because it is possible Yahoo! is not a juridical entity, its owner,

---

1. The defendants in Goldman petitioned the Second Circuit for leave to file an interlocutory appeal from that holding but the Circuit denied the petition as "unwarranted." Heavy, et al. v. Goldman, Case 18-910, Document 35, July 17, 2018.

Verizon Communications, Inc., is also named as a defendant in this case. On information and belief, both Yahoo! and its corporate owner – together in this Complaint "Yahoo!" – maintain offices and do business in this state and district.

7. Plaintiff John Dlugolecki is a professional photographer who lives and works in Los Angeles, California. From 1986 through 2018 – 32 years – he was the principal photographer for photos that appeared in the yearbooks of Immaculate Heart High School ("IHHS") in Los Angeles and he was prominently acknowledged as such in each yearbook. In the late 1990s, as part of his work as a professional photographer and his ongoing relationship with IHHS, he created photographs for publication in the school's yearbooks that included images of Meghan Markle, a student there at that time. He is the copyright owner of all those photos.

8. Plaintiff Vicki Conrad, also a resident of Los Angeles, is not a professional photographer but is an avid and skilled photographer who often accompanies Mr. Dlugolecki on photo shoots. On such occasions, and on other separate occasions, she creates photos of which she is the copyright owner.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§1332(a) and 1338. Venue in this district is proper pursuant to 28 U.S.C. §§1391(a) and 1400(a).

## UNDERLYING FACTS

### Ms. Conrad's 'Couple' Photo

10. In or about December 1997, Ms. Conrad created photos of Meghan Markle (and others) at a Christmas-themed event. One of those photos – here "Conrad's Couple Photo" – depicts Ms. Markle and a male friend. A rendition of that photo is set forth as Exhibit "A"

4

hereto.

11. Ms. Conrad is the copyright owner of that photo, which ownership is confirmed by a Certificate of Registration issued by the United States Copyright Office a copy of which is annexed hereto as Exhibit "B."

12. At a time unknown to Ms. Conrad, a person or entity named "velvetcoke," on information and belief based somewhere in Europe, obtained a copy of Conrad's Couple Photo and posted it at one or more locations on the Internet. Ms. Conrad assumes that Yahoo! has no business or other relationship with "velvetcoke." "Velvetcoke"'s posting and display of Conrad's Couple Photo was without the knowledge or authorization of Ms. Conrad and constitutes egregious willful infringement of the copyright protecting it.

13. On information and belief, in or about December 2019 Yahoo! – through (at least) its "Yahoo! Style UK" website – prominently reproduced and displayed Conrad's Couple Photo, apparental through the process of embedding. That use and display of Conrad's Couple Photo is included within Exhibit "C" annexed hereto.

14. That use includes a display of a separate (more contemporary) photo of Ms. Markle that is credited to "Getty" and that, on information and belief, was used by Yahoo! pursuant to a license to do so that it obtained from Getty. On information and belief, Yahoo!'s use and display of that photo pursuant to such a license reflects Yahoo's understanding that it cannot legally so use such photos without such a license.

15. As shown on Exhibit "C," Yahoo!'s (apparent) embedded use of Conrad's Couple Photo fills about 35% of the entire article displaying both photos of Ms. Markle. Whether or not the result of embedding, Yahoo!'s display of Conrad's Couple Photo on its website "Yahoo!

Style UK" was without the knowledge or authorization of Ms. Conrad and constitutes egregious willful infringement of the copyright protecting it.

16.  Thereafter, in or about December 2019, Yahoo! further published and displayed Conrad's Couple Photo on one or more of its other websites, including (as shown on Exhibit "C") "Yahoo! News."  That further publication and display of Conrad's Couple Photo was also without the knowledge or authorization of Ms. Conrad and constitutes egregious willful infringement of the copyright protecting it.

17.  By publishing and displaying for profit Conrad's Couple Photo without any legal right or license to do so, Yahoo! directly and willfully infringed Ms. Conrad's copyright therein, unfairly competed with her, and caused her financial injury as a result, all while directly and indirectly profiting therefrom.

Mr. Dlugolecki's Yearbook Photos

18.  In or about November 2017, Glamour Magazine, a publication of Conde Nast, an unincorporated division of Advance Magazine Publishers Inc. ("Conde Nast"), without the knowledge or consent of Mr. Dlugolecki, published and displayed several of his copyright-protected yearbook photos of Ms. Markle.  A reproduction of Conde Nast's publication and display of those photos (among other photos not owned by Mr. Dlugolecki) ("the Glamour Displays") is set forth on Exhibit "D" hereto.  (Mr. Dlugolecki's photos are the first, fourth and sixth photos displayed on Exhibit "D.")  Mr. Dlugolecki's copyright ownership of his photos included in the Glamour Displays is confirmed by Certificates of Registration issued by the United States Copyright Office copies of which are annexed hereto as Exhibit "E."

19. On or about July 27, 2018, Mr. Dlugolecki and Conde Nast entered into a formal pre-litigation "Settlement Agreement" pursuant to which Mr. Dlugolecki's claims of copyright infringement against Conde Nast with respect to the <u>Glamour</u> Displays were (as provided therein) resolved and released.

20. As here arguably relevant, that Settlement Agreement included at its Paragraph 3 provisions under the heading "Release." Here is a truncated rendition of that Paragraph 3, omitting by ellipses most of the endless run-on verbiage common to such provisions, in which Conde Nast is referred to as "User" (with emphasis added):

> 3. <u>Release</u>: Conditioned upon receipt of the Payment, Dlugolecki, on his own behalf and on behalf of his heirs, . . . hereby releases . . . User and its past, present or future affiliates . . . representatives and assigns, and licensees and all others acting by, through, or in concert with any of them, including all persons who were involved in the use or publication of Markle Photos as identified in Exhibit "B" hereto (the persons who are being released hereunder are referred to as the "Released Parties"), from any and all manner of actions . . . claims and demands whatsoever, whether at law or in equity or pursuant to any statute, whether known or unknown, foreseen or unforeseen, <u>relating to the Claims or User's use or publication of Markle Photos as identified in Exhibit "B" by User from the beginning of time to and including the Effective Date of this Agreement</u>.

21. Thus, whether or not those provisions apply at all to Yahoo!, as we believe Yahoo! will claim in this case, the underscored final clause of the Agreement's "Release" provisions explicitly and unambiguously limits the temporal reach of the release provided for therein to the

"use or publication" of the Glamour Displays "from the beginning of time to and including the Effective Date of this Agreement," i.e., July 27, 2018.

22. Annexed hereto as Exhibit "F" is a partial screenshot (made in April 2020) that indisputably shows that on or about April 19, 2020 Yahoo! used and published the Glamour Displays on its website "Yahoo! Finance."'  (Not only was the attached screenshot made in April 2020, the first page, under the heading "What to Read Next," apparently links to "Maps: The historic, ongoing coronavirus lockdown of the United States," and the last page contains financial information that is stated to be "As of: 4/19/2020.")

23. Similarly, annexed hereto as Exhibit "G" is a partial screenshot (made in April 2020) that indisputably shows that on or about April 14, 2020 Yahoo! used and published the Glamour Displays on its website "Yahoo! Sports."  (Not only was the attached screenshot made in April 2020, the depicted publication prominently states – right next to the display of one of Mr. Dlugolecki's photos –  the following: "What to Read Next . . . XFL files for bankruptcy . . .," a court filing that was made on April 13, 2020.)

24. Similarly, annexed hereto as Exhibit "H" is a partial screenshot (made in April 2020) that indisputably shows that in April 2020 Yahoo! used and published the Glamour Displays on its website "Yahoo! Life."  (Not only was the attached screenshot made in April 2020, the depicted publication prominently provides, under the heading "Trending," a link to a report "How zoos can help us learn about coronavirus," a quintessential 2020 subject.)

25. Since it is indisputable that the Glamour Displays were used and published by Yahoo! in, at least, April 2020 – almost two years after the Agreement's cutoff date for legal "releases" of any such "uses" and "publications," it is also indisputable that all such "uses" and

"publications" by Yahoo! of Mr. Dlugolecki's copyright-protected photos that were included within the Glamour Displays after July 27, 2018 were not "released" and are therefore actionable in this case.

26. In addition to the fact that the parties explicitly agreed that the "releases" provided for in the Agreement's Paragraph 3 only extended to the "use or publication of Markle Photos . . . to and including the Effective Date of this Agreement," they also explicitly agreed, in the Agreement's Paragraph 2.B., for an additional payment by Conde Nast to Mr. Dlugolecki "in the event additional claims of uses of Markle Photos prior to the Effective Date are discovered." (Emphasis added.) Any suggestion that the parties intended then that "uses of Markle Photos" after "the Effective Date" of the Agreement would go entirely uncompensated is manifestly preposterous.

MS. CONRAD'S CAUSES OF ACTION FOR
COPYRIGHT INFRINGEMENT AGAINST YAHOO!

27. Ms. Conrad incorporates here the contents of Paragraphs 1 through 26 above.

28. The United States Copyright Act grants to all copyright owners the "exclusive right" to "display" their copyrighted works "publicly." Each of Yahoo!'s unauthorized displays of Conrad's copyright-protected Couple Photo violated Ms. Conrad's "exclusive right" to "display" the photo and has profited Yahoo! and damaged Ms. Conrad.

29. Accordingly, Yahoo! is liable to Ms. Conrad for each of its separate willful infringements of her Couple Photo.

MR. DLUGOLECKI'S CAUSES OF ACTION FOR
COPYRIGHT INFRINGEMENT AGAINST YAHOO!

30. Mr. Dlugolecki incorporates here the contents of Paragraphs 1 through 26 above.

31. The United States Copyright Act grants to all copyright owners the "exclusive right"

to "display" their copyrighted works "publicly." Each of Yahoo!'s unauthorized displays of Mr. Dlugolecki's copyright-protected photos that are included within the <u>Glamour</u> Displays after July 27, 2018 violated Mr. Dlugolecki's "exclusive right" to "display" those photos and has profited Yahoo! and damaged Mr. Dlugolecki.

32. Accordingly, Yahoo! is liable to Mr. Dlugolecki for each of its separate willful infringements of his copyright-protected photos that are included within the <u>Glamour</u> Displays.

WHEREFORE, with respect to each act of copyright infringement by Yahoo! as alleged in this Complaint, each plaintiff demands judgment a) issuing a permanent injunction preventing Yahoo! from making any further unauthorized use or publication of their respective relevant photos; b) awarding to each plaintiff to the extent legally available all appropriate damages, including statutory damages, as determined by the Court or jury; c) awarding to each plaintiff Yahoo!'s profits attributable to each of its infringements; d) awarding to each plaintiff to the extent legally available costs and attorneys' fees; e) awarding all appropriate interest; and f) awarding such other relief as the Court deems just.

Dated: October 16, 2020

                                                  s/ Kenneth P. Norwick (KN4622)
                                                  Norwick & Schad
                                                  110 East 59th Street
                                                  New York, New York 10022
                                                  (212) 751-4440
                                                  ken@norwickschad.com
                                                  Attorney for Plaintiffs